UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Ousmane Ndoye, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br><br><br>  -v.-<br>Credit Control, LLC,<br>LVNV Funding, LLC and<br>John Does 1-25<br><br>        Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ousmane Ndoye (hereinafter, "Plaintiff"), a Colorado resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Credit Control, LLC (hereinafter "Defendant Credit Control") and LVNV Funding, LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned

1

that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Colorado consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of Colorado, County of Arapahoe, with an address of 27401 E Applewood Circle, Apt. 1338, Aurora, CO.

8. Defendant Credit Control, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042, United States.

9. Defendant Credit Control, LLC is a Missouri corporation registered to do business in the State of Colorado, and may be served with process upon the Corporation Company its registered agent for service of process at 7700 E Arapaohe Rd Ste. 220, Centennial, CO 80112-1268.

10. Upon information and belief, Defendant Credit Control, LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV Funding, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address 6801 S Cimarron Road, Suite 424-L, Las Vegas, NV 89113, United States.

12. Defendant LVNV Funding, LLC is a Delaware corporation registered to do business in the State of Colorado, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1900 W Littleton Blvd, Littleton, CO, 80120.

13. Upon information and belief, Defendant LVNV Funding, LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

14. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

    a. all individuals with addresses in the State of Colorado;

    b. to whom Defendant Credit Control sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant LVNV;

    d. without disclosing that if a payment is made it would restart the statute of limitations and;

    e. using language implying that Defendant LVNV has voluntarily chosen not to sue the consumer;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

20.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

21.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

>   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.
>
>   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to February 14, 2018, an obligation was allegedly incurred to Washington Mutual Bank, NA by Plaintiff.

26. The Washington Mutual Bank, NA obligation arose out of a transactions in which money, property, insurance or services were the subject of the transactions.

27. The alleged Washington Mutual Bank, NA obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. Washington Mutual Bank, NA is a "creditor" as defined by 15 U.S.C. §1692a(4).

29. Defendant LVNV, a debt collector and the subsequent owner of the debt, contracted with Defendant Credit Control to collect the alleged debt.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – February 14, 2018 Collection Letter*

31. On or about February 14, 2018, Defendant Credit Control sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant LVNV. **See Exhibit A**.

32. The letter provides the consumer with multiple payments options including payment plans that would stretch over multiple months.

33. Additionally, the letter states:

"The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

34. The Defendants fail to inform the consumer that making a payment will restart the statute of limitations for a lawsuit to occur.

35. Under the Colorado Statutes §13-80-113, a payment of principal or interest can take a case out of the operation of the statute of limitations.

36. The letter fails to inform the consumer of the true ramifications of starting a payment plan in the State of Colorado.

37. The Defendants' omission could likely lead to the Plaintiff choosing a payment option with multiple payments and thereby unknowingly cause him to restart the statute of limitations.

38. In addition, the letter's language of "LVNV Funding LLC will not sue" implies that the Defendant LVNV has chosen not to sue, rather than the correct statement that at this time the Defendant LVNV and any subsequent creditor is barred by law from filing a suit.

39. The letter could mislead the Plaintiff to assume that the time-barred debt is legally enforceable and is within the Defendant's discretion whether to sue or not, and more so that another collector could in fact choose to sue the Plaintiff.

40. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

41.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.   Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

43.   Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.   Defendants violated said section

   a.   by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10); and

   b.   by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

43.   By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
*et seq.*

45.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.   Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

49. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ousmane Ndoye, individually and on behalf of all others similarly situated, demands judgment from Defendants Credit Control, LLC and LVNV Funding, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
 January 31, 2019

 /s/ Yaakov Saks
 By:  Yaakov Saks
 **Stein Saks, PLLC**
 285 Passaic Street
 Hackensack, NJ 07601
 Phone: (201) 282-6500
 Fax: (201) 282-6501
 *Attorneys For Plaintiff*